IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD THOMPSON,
    Plaintiff,

vs.                              Case No.: 3:06cv540/LAC/EMT

SHORELINE TRANSPORTATIONS,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

        This cause is before the court upon Plaintiff's amended complaint (Doc. 14). The filing fee has been paid (*see* Doc. 7). Service upon Defendant has not been ordered or effected. Upon review of the amended complaint, the court concludes that Plaintiff has failed to establish a jurisdictional basis for this action, and his claims are not of sufficient substance to support federal jurisdiction. Therefore, dismissal of this action is warranted.

        Plaintiff alleges that was employed by Defendant to make cargo deliveries and unload cargo at an agreed rate (*see, e.g.*, Doc. 14 at 1–5). Plaintiff states that he made deliveries and unloaded cargo, but Defendant refused to pay him for his services (*see id.*). Instead, Plaintiff alleges that Defendant deducted $519.00 from his pay in violation of "RCW 49.48.010 . . . [and] federal employment laws and Florida RCW 49.48 wages/payment/collection and chapter 558 national labor laws and Florida 49.48.010" (*id.* at 5–6).[1] Next, Plaintiff alleges that he provided Defendant with notice of its deficient payments but states that Defendant again refused to pay him (*id.* at 6). Thus, Plaintiff demands liquidated damages and interest on his unpaid wages (*see id.* at 6–7). In total,

---

[1] Plaintiff appears to cite a provision of Washington state law. *See* Wash. Rev. Code. § 49.48.010 (2006) (entitled "Payment of wages due to employee ceasing work to be at end of pay period—Exceptions—Authorized deductions or withholdings"). Plaintiff cites the same code provision and references Florida, although it appears that Plaintiff is still citing to the same section the revised code of Washington.

Plaintiff demands payment of $6,292.72 in compensatory and liquidated damages, plus the cost of this action (*id.* at 7).

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). The absence of jurisdiction may be raised at any time during the case and may be based on the court's review of the evidence. *See e.g.*, Gibbs v. Buck, 307 U.S. 66, 59 S. Ct. 725, 83 L. Ed. 1111 (1939). Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999).

A district court may address its lack of subject matter jurisdiction in two ways. Fed. R. Civ. P. 12(b)(1); Lovern, 190 F.3d at 653. The court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6). Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Alternatively, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.*

"It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." Lovern, 190 F.3d at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)). The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). *See, e.g.*, Bell v. Hood, 327 U.S. 678, 682–83, 66 S. Ct. 773, 776, 90 L. Ed.939 (1946) (recognizing propriety of dismissal for want of jurisdiction in cases "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"). "Federal jurisdiction requires that a party assert a substantial federal claim." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law and that the claim is not frivolous). In Hagans, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if

they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" 415 U.S. at 536–37, 94 S. Ct. at 1378–79 (citations omitted). While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." 415 U.S. at 538, 94 S. Ct. at 1379.

Rule 8(a)(1) of the Federal Rules of Civil Procedure provides in pertinent part that a pleading shall contain a short, plain statement of the grounds upon which the court's jurisdiction depends. Plaintiff was previously advised in an order to amend that he must state a basis for federal jurisdiction over his claims (*see* Doc. 8). Plaintiff, however, has again failed to state a jurisdictional basis for this action, and it is readily apparent that the claims raised by Plaintiff are not of sufficient substance to support federal jurisdiction. Plaintiff nebulously cites "wilful violations" of the "federal and state employment laws," but he does not specify a single federal provision providing the basis for a cause of action (*see, e.g.*, Doc. 14 at 1, 7). To the extent that Plaintiff cites "chapter 558 national labor laws," this court was unable to locate any federal labor statute or federal labor regulation numbered chapter 558. Furthermore, even assuming the violation of a federal statute, it is not clear, and Plaintiff does not say, what provision, if any, grants him a private cause of action to enforce the alleged violation.[2] Moreover, Plaintiff has not alleged jurisdiction on the basis of diversity of citizenship nor could he, even if he had done so, meet the amount in controversy requirement of 28 U.S.C. § 1332(a).

In sum, Plaintiff has failed to show that a jurisdictional basis exists for this action, and his claims are not of sufficient substance to support federal jurisdiction. Therefore, this action should be dismissed for lack of subject matter jurisdiction.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of subject matter jurisdiction and the clerk be

---

[2]For example, 29 U.S.C. § 216(b) (2006), a provision of the Fair Labor Standards Act, creates a private cause of action for employees who are not paid in accordance with the federal minimum-wage laws or overtime compensation provisions. The facts as alleged by Plaintiff, however, do not appear to fall under this provision. Which provision, if any, of federal law Defendant may have violated is unclear.

directed to close the file.

At Pensacola, Florida, this 15th day of June 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**